UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SELENA NIEMAN,<br><br>                Plaintiff,<br>   v.<br><br>PENNYMAN LOAN SERVICES LLC et al.,<br><br>                Defendants. | CASE NO. 3:25-cv-05942-DGE<br><br>ORDER DISMISSING COMPLAINT (DKT. NO. 4) |

      This matter comes before the Court on sua sponte review pursuant to 28 U.S.C. § 1915(a).  Plaintiff, proceeding pro se and in forma pauperis ("IFP") alleges Defendants wrongfully initiated foreclosure proceedings, conducted an unlawful sale of her property, and thereafter, unlawfully transferred the property to a third party.  (Dkt. No. 4 at 1–3.)  Plaintiff asserts a claim under 42 U.S.C. § 1983 for the alleged violation of the Fourteenth Amendment Due Process clause.  (*Id*. at 3.)  She also asserts a claim for wrongful foreclosure under Washington Revised Code § 61.24 and seeks quiet title in her favor pursuant to Washington Revised Code § 7.28.  (*Id*.)

ORDER DISMISSING COMPLAINT (DKT. NO. 4) - 1

Any complaint filed by a person proceeding IFP pursuant to 28 U.S.C. § 1915(A) is subject to a mandatory and sua sponte review.  Complaints will be dismissed if they fail to state a claim or are otherwise frivolous or malicious.  28 U.S.C. § 1915(e)(2).  They will also be dismissed if they seek monetary relief from a defendant who is immune from such relief.  *Id*.  "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  While a pro se plaintiff's complaint must be construed liberally, it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"A litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).  To successfully state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*; *Daniels v. Williams*, 474 U.S. 327 (1986).  Both elements are required. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

The only named defendant alleged to have acted under color of state law is the "Mason County Recorder," who Plaintiff alleges "accepted and recorded the deed purporting to transfer Plaintiff's property."  (*See* Dkt. No. 4 at 2.)  This claim fails because Plaintiff does not identify

who this person is.  In addition, the person responsible for recording documents, including deeds, is the county auditor.  *See* Wash. Rev. Code § 65.040.030.  And the county auditor is required to "acknowledge receipt" and "record" all "[d]eeds, grants and transfers of real property, mortgages and releases of mortgages of real estate, instruments or agreements relating to community or separate property, powers of attorney to convey real estates, and leases which have been acknowledged or proved."[1]  The auditor has a duty to record a foreclosure deed once it is submitted, and Plaintiff fails to identify how the auditor's compliance with their duties under Washington Revised Code § 65.040.030 deprived Plaintiff of a property or liberty interest without due process.  For these reasons, Plaintiff's Fourteenth Amendment Due Process claim against the "Mason County Recorder" is dismissed.

Regarding Plaintiff's § 1983 claims against MTC Financial, Inc. dba Trustee Corps and PennyMac Loan Services, LLC, they are dismissed because Plaintiff does not identify that these defendants were acting under state law.

Because Plaintiff's Fourteenth Amendment claim is dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining claims.  *See* 28 U.S.C. § 1367(c)(4) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if [] the district court has dismissed all claims over which it has original jurisdiction.").[2]

---

[1] The auditor must only record "deeds, contracts and mortgages of real estate" when "the plat of such addition has been filed and made a matter of record."  Wash. Rev. Code § 65.04.030.

[2] Plaintiff's claim for quiet title under Washington Revised Code § 7.28 also fails because the Plaintiff was required to name as defendant any other individual who is claiming title to the land.  *See* Wash. Rev. Code § 7.28.030 ("Any person or corporation claiming to be the owner of or interested in any tangible or intangible personal property may institute and maintain a suit against any person or corporation also claiming title to or any interest in any such property.").

ORDER DISMISSING COMPLAINT (DKT. NO. 4) - 3

Based on the foregoing, Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, Plaintiff may file an amended complaint to address the deficiencies noted in this order. Plaintiff's amended complaint shall be filed no later than **November 25, 2025**. A failure to address the deficiencies noted in this order will lead to **dismissal without prejudice**.

The Clerk shall calendar this event.

Dated this 28th day of October, 2025.

David G. Estudillo
United States District Judge