UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SELENA NIEMAN,

                    Plaintiff,

         v.

PENNYMAN LOAN SERVICES LLC et al.,

                    Defendants.

CASE NO. 3:25-cv-05942-DGE

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 22)

Before the Court is Plaintiff's Motion for Default Judgment.  (Dkt. No. 22.)  Plaintiff seeks default judgment against Mason County Recorder, MTC Financial, Inc, and Pennymac Loan Services LLC.  (*Id*.)

As a preliminary step, the Court must determine whether it has personal jurisdiction over the parties.  *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 22) - 1

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "A federal court does not have personal jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Under Federal Rule of Civil Procedure 4(h)(1), service upon a domestic corporation may be effected pursuant to the law of the state in which the district court is located, or by serving an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process.

Plaintiff submitted proof of service by Jeff Lancaster for the two defendant corporations, MTC Financial, Inc. DBA Trustee Corps and Pennymac Loan Services, LLC. (Dkt. No. 15.) As to MTC Financial, Inc. DBA Trustee Corps, Lancaster identified that he received the summons on February 21, 2026 and signed the affidavit on February 24, 2026 but does not identify when he served the summons. (*Id*.) Lancaster also identifies the individual served as "MTC Financial, Inc. DBA Trustee Corps" but does not identify who specifically was served or why they were a person authorized to accept service. (*Id*.) Similarly, Lancaster's proof of service as to Pennymac Loan Services, LLC identifies the LLC as who was personally served rather than a specific individual. (*Id*. at 2.) Accordingly, because Plaintiff fails to provide any information about who received the summons and whether their service was proper, the Court cannot conclude it may exercise personal jurisdiction over these defendants.

Plaintiff also provided proof of service by Donald Sutton on "Mason County."[1]  (Dkt. No. 19.)  When a county is sued, the summons must be served on "the county auditor or, during normal office hours, to the deputy auditor, or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority."  Washington Revised Code § 4.28.080(1).  Sutton identifies that he served the summons on "Mason County" and also identifies that he served the "Mason County Recorder, REGISTERED AGENT."  (Dkt. No. 19 at 1.)  However, Sutton does not identify who specifically received the summons.  (*Id.*)  Accordingly, the Court also cannot conclude that service was proper against the "Mason County Recorder."

Moreover, even if jurisdiction were shown, Plaintiff's motion for default judgment does not analyze or apply the controlling standards for this motion set out in *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) and would be denied on that basis.  *See Bradley v. Presteen*, No. 2:20-cv-00767-LK-BAT, 2026 WL 948343, *1 (W.D. Wash. Apr. 8, 2026).

Plaintiff's Motion for Default Judgment (Dkt. No. 22) is DENIED.  Plaintiff may file a new motion for default judgment if she believes there are facts sufficient to establish service on Defendants was proper.  The motion should also address why the *Eitel* factors favor granting the motion as to the specific claims against each individual defendant.  Alternatively, if Plaintiff determines her first attempt at service was improper, Plaintiff shall properly serve Defendants.  Plaintiff shall submit either a new motion for default judgment addressing the deficiencies identified in this Order or proper proof of service no later than **July 8, 2026**.  If neither is filed by such date, this matter will be dismissed without prejudice.

---

[1] The operative complaint names the defendant as the "Mason County Recorder."  (Dkt. No. 11 at 2.)  However, it appears the "Mason County Recorder" is a department within the Mason County Auditor's Office.

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DKT. NO. 22) - 3

The Clerk is directed to calendar this event.

Dated this 8th day of June, 2026.

David G. Estudillo
United States District Judge